UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

HUNTER–TANNERSVILLE
CENTRAL SCHOOL DISTRICT,

Defendant.

**ELECTRONICALLY FILED**

Civil Action No.:
21-CV-0352 (LEK/ATB)

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Hunter-Tannersville Central School District ("District"), by and through its

attorneys, Girvin & Ferlazzo, P.C., as and for its Amended Answer and Affirmative Defenses to

the March 26, 2021 Complaint that was filed by the United States Equal Employment Opportunity

Commission ("EEOC"), on behalf of Susan Vickers ("Plaintiff"), alleges the following upon

information and belief:

1.      As to the allegations, statements, and inferences contained in paragraph "1" of the

Complaint, the District responds as follows: acknowledges that Plaintiff is seeking to invoke the

jurisdiction of this Court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345; refers all

questions of law to the Court; and otherwise denies all remaining allegations, statements or

inferences contained therein.

2.      As to the allegations, statements, and inferences contained in paragraph "2" of the

Complaint the District responds as follows: acknowledges the Plaintiff claims that this action is

authorized and instituted pursuant to 29 U.S.C. §§ 216-217, to pursue claims under the Equal Pay

Act ("EPA"); denies that the District engaged in any conduct that violated the EPA, or any other

1

state or federal law, rule or regulation; refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences contained therein.

      3.     As to the allegations, statements, and inferences contained in paragraph "3" of the Complaint the District responds as follows: acknowledges that Plaintiff has commenced this case and claims that venue is proper in the United States District Court for the Northern District of New York ("the Court"); denies that the District engaged in any unlawful employment practice in any location, including but not limited to the Court; refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences contained therein.

      4.     As to the allegations, statements, and inferences contained in paragraph "4" of the Complaint the District responds as follows: refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences contained therein.

      5.     As to the allegations, statements, and inferences contained in paragraph "5" of the Complaint the District responds as follows: admits that the District is a public school district located in Green County, New York; refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences contained therein.

      6.     As to the allegations, statements, and inferences contained in paragraph "6" of the Complaint the District responds as follows: refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences contained therein.

      7.     As to the allegations, statements, and inferences contained in paragraph "7" of the Complaint the District responds as follows: denies knowledge or information sufficient to form a belief as to whether the District employed approximately 100 individuals during "all relevant times" since the phrase "all relevant times" is not defined in the Complaint; refers all questions of law to the Court; and otherwise denies all remaining allegations, statements or inferences

contained therein.

8.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "10" of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "11" of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "12" of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "13" of the Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "14" of the Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "15" of the Complaint.

16.      Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "16" of the Complaint.

17.      Admits the allegations, statements and inferences set forth in paragraph "17" of the Complaint.

18.      Admits the allegations, statements and inferences set forth in paragraph "18" of the Complaint.

3

19.     As to the allegations, statements, and inferences contained in paragraph "19" of the Complaint the District responds as follows: refers the Court to the document(s) referenced in this paragraph for its contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

20.     As to the allegations, statements, and inferences contained in paragraph "20" of the Complaint the District responds as follows: refers the Court to the document(s) referenced in this paragraph for its contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

21.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "21" of the Complaint.

22.     As to the allegations, statements, and inferences contained in paragraph "22" of the Complaint the District responds as follows: admits that Plaintiff held the position of superintendent of schools for the District for approximately four years; and otherwise denies all remaining allegations, statements and inferences contained therein.

23.     As to the allegations, statements, and inferences contained in paragraph "23" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered an employment agreement with the District under which she received a base salary in the total amount of $125,000.00 for the 2016-2017 school year; and otherwise denies all remaining allegations, statements and inferences contained therein.

24.     As to the allegations, statements, and inferences contained in paragraph "24" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered an employment agreement with the District under which she received a base salary in the total amount of $128,750.00 for the 2017-2018 school year; and otherwise denies all remaining

4

allegations, statements and inferences contained therein.

25.     As to the allegations, statements, and inferences contained in paragraph "25" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered an employment agreement with the District under which she received a base salary in the total amount of $132,612.50 for the 2018-2019 school year; and otherwise denies all remaining allegations, statements and inferences contained therein.

26.     As to the allegations, statements, and inferences contained in paragraph "26" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered an employment agreement with the District under which she received a base salary in the total amount of $136,530.88 for the 2019-2020 school year; and otherwise denies all remaining allegations, statements and inferences contained therein.

27.     As to the allegations, statements, and inferences contained in paragraph "27" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered into multiple employment agreements with the District that provided her with a base salary and other valuable benefits, including but not limited to paid vacation leave; refers the Court to the employment agreements that Plaintiff entered with the District for their terms and contents, including but not limited to the benefits that Plaintiff was to receive; and otherwise denies all remaining allegations, statements and inferences contained therein.

28.     As to the allegations, statements, and inferences contained in paragraph "28" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered into multiple employment agreements with the District that provided her with a base salary and other valuable benefits; refers the Court to the employment agreements that Plaintiff entered with the District for their terms and contents; and otherwise denies all remaining allegations, statements

and inferences contained therein.

29.     As to the allegations, statements, and inferences contained in paragraph "29" of the Complaint the District responds as follows: admits that Plaintiff negotiated and entered into multiple employment agreements with the District that provided her with a base salary and other valuable benefits; refers the Court to the employment agreements that Plaintiff entered with the District for their terms and contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

30.     Denies the allegations, statements and inferences set forth in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "31" of the Complaint.

32.     As to the allegations, statements, and inferences contained in paragraph "32" of the Complaint the District responds as follows: admits that Patrick Sweeney ("Sweeney") held the position of superintendent of schools for the District before Plaintiff held the position of superintendent of schools for the District; and otherwise denies all remaining allegations, statements and inferences contained therein.

33.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "33" of the Complaint.

34.     Admits the allegations, statements and inferences set forth in paragraph "34" of the Complaint.

35.     As to the allegations, statements, and inferences contained in paragraph "35" of the Complaint the District responds as follows: admits that Sweeney negotiated and entered into multiple employment agreements with the District that provided him with a base salary and other

valuable benefits; refers the Court to the employment agreements that Sweeney entered with the District for their terms and contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

36.     As to the allegations, statements, and inferences contained in paragraph "36" of the Complaint the District responds as follows: refers the Court to the document(s) referenced in this paragraph for its contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

37.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "37" of the Complaint.

38.     As to the allegations, statements, and inferences contained in paragraph "38" of the Complaint, including sub-sections (a)-(e) of paragraph 38 of the Complaint, the District responds as follows: admits that Sweeney negotiated and entered into multiple employment agreements with the District that provided him with a base salary and other valuable benefits; refers the Court to the employment agreements that Sweeney entered with the District for their terms and contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

39.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the allegations, statements and inferences set forth in paragraph "41" of the Complaint.

42.     As to the allegations, statements, and inferences contained in paragraph "42" of

the Complaint the District responds as follows: admits that Sweeney did not have a doctorate degree when he was hired by the District; and otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations, statements and inferences contained therein.

43.     Denies the allegations, statements and inferences set forth in paragraph "43" of the Complaint.

44.     As to the allegations, statements, and inferences contained in paragraph "44" of the Complaint the District responds as follows: refers the Court to the document(s) referenced in this paragraph for its contents; and otherwise denies all remaining allegations, statements and inferences contained therein.

45.     As to the allegations, statements, and inferences contained in paragraph "45" of the Complaint the District responds as follows: refers all questions of law to the Court; and otherwise denies the remaining allegations, statements and inferences contained therein.

46.     Denies the allegations, statements and inferences set forth in paragraph "46" of the Complaint.

47.     Denies the allegations, statements and inferences set forth in paragraph "47" of the Complaint.

48.     Denies the allegations, statements and inferences set forth in paragraph "48" of the Complaint.

49.     Denies the allegations, statements and inferences set forth in paragraph "49" of the Complaint.

50.     Denies the allegations, statements and inferences set forth in paragraph "50" of the Complaint.

51.     Denies that Plaintiff is entitled to any of the relief sought through the *Prayer for Relief* in the Complaint, including but not limited to the relief sought in the *Wherefore* clause, subsections (A)-(H), of the Complaint.

52.     Denies any remaining allegations of the Complaint not specifically responded to herein.

53.     Acknowledges that Plaintiff is seeking a trial by jury on all questions of fact.  The District seeks a trial by jury.

## AS AND FOR A FIRST DEFENSE

54.     Plaintiff cannot satisfy her burden of proof on a claim under the Equal Pay Act because she cannot show that she was paid at a rate less than the rate at which an employee of the opposite sex was paid for equal work on a job the performance of which required equal skill, effort and responsibility, and which is performed under similar working conditions.

## AS AND FOR A SECOND DEFENSE

55.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.     The actions of the District, if any, were made in good faith, were not willful, wanton, malicious, reckless, outrageous, and/or were performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority, and were not performed with the knowledge that its conduct violated any law, rule or regulation, including but not limited to the Equal Pay Act.

57.     The District did not violate, willfully, wantonly, or otherwise, the Equal Pay Act, or any other federal, state, or local law, rule or regulation.

9

58.     The District is not liable for liquidated damages since the District did not willfully or wantonly violate the Equal Pay Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59.     At all times, the District treated Plaintiff in a lawful and non-discriminatory manner, and its actions relating to Plaintiff were at all times legally privileged and justified, and all employment decisions related to Plaintiff were based on legitimate, non-discriminatory reasons.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60.     To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61.     To the extent that the Court concludes that Plaintiff is entitled to any form of monetary relief, which the District denies, and to the extent that Plaintiff engaged in any form of misconduct while employed by the District, any monetary relief that Plaintiff is awarded must be reduced and/or limited by the After-Acquired Evidence Doctrine.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62.     To the extent that Plaintiff can show that she was paid at a rate less than the rate at which an employee of the opposite sex was paid for equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions, any differential in pay that Plaintiff is able to identify was the result of a job related factor(s) other than sex, as permitted by 29 U.S.C. § 206(d)(1)(iv), as described below.

63.     Since at least 2007, the District has entered contracts for employment with three individuals holding the position of superintendent of schools for the District:  Patrick Darfler-Sweeney ("Sweeney"), Nathan Jones ("Jones") and Plaintiff (collectively "the Superintendents").

64.     The contracts the District entered with the Superintendents are subject to the mandates and requirements of the New York State Education Law, including but not limited to New York State Education Law § 1711.

65.     The Superintendents separately negotiated multiple contracts for employment with the District through arms-length negotiations with the assistance of, or through a trade association and/or organization, and/or with the assistance of legal counsel.

66.     Plaintiff and Sweeney also negotiated multiple memorandum of agreement to modify the terms of the contracts that they entered with the District with the assistance of, or through a trade association and/or organization, and/or with the assistance of legal counsel.

67.     The Superintendents negotiated contracts for employment and, where applicable, memorandum of agreement that modified the terms of the contracts, which contained terms that were desirable to the Superintendents at the time each contract was entered based upon the specific needs and interests of the Superintendents.

68.     The District negotiated contracts with the Superintendents and/or their representatives that contained terms that were acceptable to the District based upon the Superintendents' respective salary demands and expectations, the available alternative candidates for the position of superintendent of schools and their respective salary demands and expectations, and the specific needs and interests of the District at the time each contract was negotiated and entered with the Superintendents.

69.     The Superintendents possessed or had ready access to the salary history of their predecessor as the Superintendents' contracts are a matter of public record.

70.     To the extent that prior salary information was relied upon when negotiating the contracts of the Superintendents, it could have been used by both parties to those contract negotiations.

71.     Plaintiff, who is highly educated, and is highly experienced in the fields of public school administration, was personally involved in the negotiation of one or more of the contracts for employment that she entered with the District.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

73.     In September 2018, Plaintiff entered a memorandum of agreement with the District under which she agreed to reduce her contractually agreed-upon 3% annual salary increase to a 2% annual salary increase for a period of several years, in exchange for receiving new/additional health insurance benefits in retirement.

74.     Since Plaintiff is seeking damages relating to her salary, which she voluntarily agreed to lower in order to receive other valuable benefits of employment, Plaintiff failed to mitigate her damages, if any.

75.     Plaintiff is also seeking damages for unspecified "fringe benefits", which the District presumes to be a payment for, among other things, unused vacation time based upon the Charge of Discrimination that Plaintiff filed with the EEOC.

76.     Plaintiff had the ability to use her contractually provided vacation leave, but chose not to do so with full awareness of the fact that her contract did not provide for a payment for any accrued, unused vacation time.

77.     Since Plaintiff had the ability to take vacation but chose not to do so, and now seeks compensation for her unused vacation time, she failed to mitigate her damages by failing to take a vacation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78.     To the extent that Plaintiff relies on any events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

**WHEREFORE,** Defendant Hunter-Tannersville Central School District requests that the Complaint be dismissed and for such other and further relief in the District's favor as the Court deems appropriate.

Dated: July 22, 2021
     Albany, New York                  Respectfully Submitted,

                                    GIRVIN & FERLAZZO, P.C.

                                 By:

                                   Scott P. Quesnel, Esq.
                                   Bar Roll No.: 513710
                                   *Attorneys for Defendant*
                                   *Hunter-Tannersville Central School District*
                                   20 Corporate Woods Blvd., 2nd Floor
                                   Albany, New York 12211
                                   Telephone: (518) 462-0300
                                   Facsimile: (518) 462-5037
                                   Email: spq@girvinlaw.com

To:     Caitlin D. Brown, Esq.
        Trial Attorney
        U.S. Equal Employment Opportunity Commission
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, NY 10004
        Tel: (929) 506-5277
        Fax: (212) 336-3623
        Email: caitlin.brown@eeoc.gov

Kimberly A. Cruz, Esq.
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Email: kimberly.cruz@eeoc.gov

Gwendolyn Young Reams, Esq.
Acting General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Jeffrey Burstein, Esq.
Regional Attorney
U.S. Equal Employment Opportunity Commission
Email: jeffrey.burstein@eeoc.gov