UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

    -against-                                      1:21-CV-0352 (LEK/ATB)

HUNTER-TANNERSVILLE
CENTRAL SCHOOL DISTRICT,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") brings this civil action against Defendant Hunter-Tannersville Central School District ("Hunter-Tannersville"). See Dkt. No. 1 ("Complaint"). After Defendant answered the Complaint, the EEOC filed its first motion to strike pursuant to 12(f)(2) of the Federal Rules of Civil Procedure. See Dkt. No. 5 ("First Motion to Strike"). Subsequently, Defendant amended its answer, see Dkt. No. 12 ("Amended Answer"), and the Court granted the EEOC's request to withdraw the First Motion to Strike, see Dkt. No. 14. Then, the EEOC filed a new motion to strike the fifth affirmative defense in the Amended Answer. See Dkt. Nos. 16 ("Second Motion to Strike"), 16-1 ("Plaintiff's Memorandum of Law"). Specifically, the fifth affirmative defense provides that "any differential in pay that Plaintiff is able to identify was the result of a job related factor(s) other than sex, as permitted by 29 U.S.C. § 206(d)(1)(iv)," and this "other than sex" factor was the ability to negotiate a higher salary. Amended Answer ¶¶ 62–71. Defendant has opposed the

second motion to strike, Dkt. No. 21 ("Opposition"), and Plaintiff has replied, Dkt. No. 22 ("Reply"). Defendant filed a sur-reply, Dkt. No. 23 ("Letter Brief"), and Plaintiff submitted a letter response to the sur-reply, Dkt. No. 24 ("Response to Letter Brief"). For the reasons that follow, the Court denies the Second Motion to Strike.

## II.     BACKGROUND

The following factual history is taken from the Complaint and assumed to be true for purposes of this motion to strike.

Superintendent Dr. Susan Vickers ("Vickers") accepted a job as the superintendent at Hunter-Tannersville in July 2016, after Dr. Patrick Sweeney ("Dr. Sweeney") served in the same position for less than ten years. Compl. ¶¶ 17, 40. Dr. Sweeney was paid more than Dr. Vickers, and also received more benefits. Id. ¶ 46. In its original Complaint, the EEOC brought this claim against Defendant after an initial investigation, in which the EEOC determined that there might be discrimination and a violation of the Equal Pay Act ("EPA"). Id. ¶ 4.

## III.    LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "highly disfavored." McNeil v. Corr. Med. Care, Inc., No. 18-CV-0894, 2019 WL 4415528, at *4 (N.D.N.Y. Sept. 16, 2019) (internal citations omitted) (Kahn, J.). "In order to prevail on a motion to strike [an affirmative defense], a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." Demirayak v. City of New York, No.

17-CV-5205, 2021 WL 1209560, at *2 (E.D.N.Y. Mar. 31, 2021) (quoting GEOMC Co., Ltd. v. Calmare Therapeutics Inc., 918 F.3d 92, 96 (2d Cir. 2019). "The party seeking to strike an affirmative defense bears the burden of establishing that this test has been met." Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19-CV-9193, 2021 WL 4173929, at *4 (S.D.N.Y. Sept. 14, 2021) (internal quotation marks omitted) (citing 839 Cliffside Ave. LLC v. Deutsche Bank Nat'l Trust Co., No. 15-CV-4516, 2016 WL 5372804, at *9 (E.D.N.Y. Sept. 26, 2016)). It is within the Court's discretion to strike an affirmative defense. Gupta v. New Silk Route Advisors, L.P., No. 19-CV-9284, 2021 WL 1812202, at *2 (S.D.N.Y. May 5, 2021). A motion to strike "is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." Eunhasu Corp. v. NorGuard Ins. Co., No. 19-CV-7696, 2020 WL 5513159, at *2 (S.D.N.Y. Sept. 14, 2020) (quoting Cty. Vanlines Inc. v. Experian Info. Sols., Inc., 205 F.R.D. 148, 153 (S.D.N.Y. 2002)). "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." GEOMC Co., 918 F.3d at 98.

**IV.    DISCUSSION**

To prove a breach of the EPA, a plaintiff must establish a prima facie case by satisfying three elements: "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; [and] (3) the jobs are performed under similar work conditions." Aldrich v. Randolph Cent. School Dist., 963 F.2d 520, 523 (2d. Cir. 1992) (quoting Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974)).

Next, the burden shifts to the employer to offer a reason as to why the compensation differs. 29 U.S.C. § 206(d)(1). The employer may rebut the prima facie case by showing that the difference in compensation results from: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." Id.; see also Aldrich, 963 F.2d at 523.

"To successfully establish the last defense, a 'factor other than sex', the employer 'must also demonstrate that it had a legitimate business reason for implementing the gender-neutral factor that brought about the wage differential.'" Zhengfang Liang v. Cafe Spice SB, Inc., 911 F. Supp. 2d 184, 202 (E.D.N.Y. 2012) (quoting Belfi v. Prendergast, 191 F.3d 129, 136 (2d Cir.1999)). In Aldrich, the Second Circuit explained that "[a] job classification system resulting in differential pay [must be] rooted in legitimate business-related differences in work responsibilities and qualifications . . . ." Aldrich, 963 F.2d at 525. "Without a job-relatedness requirement, the factor-other-than-sex defense would provide a gaping loophole in the statute through which pretexts for discrimination would be sanctioned." Id.

At the center of the parties' dispute is whether salary negotiations are a job-related factor other than sex under the EPA. According to the EEOC, the fifth affirmative defense is legally insufficient "because the fact that Drs. Vickers and Sweeney each negotiated their contracts is not related to the performance of the Superintendent job." Pl.'s Mem. of Law at 8. The EEOC also cites to Dreves v. Hudson Grp. (HG) Retail, LLC, No. 11-CV-4, 2013 WL 2634429 at *8 (D. Vt. June 12, 2013) for the holding that "there is simply no basis for the proposition that a male comparator's ability to negotiate a higher salary is a legitimate business-related justification to pay a woman less." Pl.'s Mem. of Law at 9–10. In addition, the EEOC cites to Ottaviani v. State

Univ. of New York at New Paltz, 679 F. Supp. 288 (S.D.N.Y. 1988), aff'd on other grounds 875 F.2d 365 (2d Cir. 1989), where an educational institution violated the EPA by paying a male professor more than a female professor for equal work because the male professor was able to negotiate a higher salary. Id. at 10. Defendant contends that the affirmative defense is legally sufficient because neither the Supreme Court nor the Second Circuit have held that negotiation is not a "factor other than sex" that an employer can rely upon to defend against an EPA claim. Opp'n at 6. Furthermore, Defendant points to the fact that there are at least two circuit courts and multiple federal district courts that have specifically held that negotiation is a valid defense. Id. at 6–8 (collecting cases). In its Reply, the EEOC asserts that the decisions outside of the Second Circuit do not require that a "factor other than sex" be "job-related," and that "Defendant is unable to identify a single decision from the Second Circuit holding that negotiation—standing alone—is a job-related factor that can justify a pay disparity under the EPA, because Second Circuit courts dismiss this defense." Reply at 3–9 (emphasis in original).

 The Court observes that it must first determine whether Aldrich requires that any "factor other than sex" be "job-related." If it does, that would support the EEOC's argument in favor of striking the affirmative defense; but if it does not, then the affirmative defense can survive the motion to strike.

 At this stage, the Court is not convinced that only job-related factors could constitute a "factor other than sex." In Christiana v. Metro. Life Ins. Co., 839 F. Supp. 248, 253 (S.D.N.Y. 1993), a plaintiff attempted to use Aldrich to bolster its argument "that the employer's salary retention policy must not only reflect a legitimate business concern for the employer, but must also be specifically related to the requirements of her position in the Kingston Fraud Unit."

5

Christiana, 839 F. Supp. at 253. The Christiana Court disagreed, holding that Aldrich "imposed a narrow task-related requirement due to the nature of the particular factor at issue—a job classification test." Id.; see also Rizo v. Yovino, 950 F.3d 1217, 1240 (9th Cir. 2020) (en banc) (Callahan, J., concurring) ("Contrary to the majority's suggestion, the Second Circuit has not adopted its narrow definition of "job-related."), cert. denied, 141 S. Ct. 189 (2020). Similarly, in Belfi v. Prendergast, 191 F.3d 129 (2d Cir. 1999), the Second Circuit found that the employer's gender-neutral application of the salary plan that resulted in a wage differential could be a valid "factor other than sex." Belfi, 191 F.3d at 137. Notably, the Belfi Court did not discuss Aldrich's job-relatedness requirement.

The EEOC's strongest argument is Dreves v. Hudson Grp. (HG) Retail, LLC, No. 11-CV-4, 2013 WL 2634429 at *8 (D. Vt. June 12, 2013), but even this is not sufficient because Dreves is not binding precedent.[1] See Dish Network Corp. v. Ace Am. Ins. Co., 431 F. Supp. 3d 415, 425 (S.D.N.Y. 2019) ("federal courts have an obligation to engage in independent analysis, with binding precedent set only by the Supreme Court and the Court of Appeals for that circuit.") (quoting Ctr. Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y., 808 F. Supp. 213, 224 (S.D.N.Y. 1992)). The Court finds that the EEOC did not meet its burden to show that the affirmative defense is insufficient because there is a question of law, specifically whether Aldrich's job-relatedness requirement would apply to negotiations, which might allow the defense to succeed. Moreover, even though the EEOC quantified its discovery burden, the EEOC has not shown the requisite prejudice if the fifth affirmative defense remains in this case. See GEOMC Co., 918

---

[1] Ottaviani v. State Univ. of New York at New Paltz, 679 F. Supp. 288 (S.D.N.Y. 1988) fails for this reason as well, and also because it was decided before Aldrich.

F.3d at 98 ("A defendant with such a [factually sufficient and legally valid] defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability.").

At a later point in the case, the Court may have to resolve whether negotiations could constitute a "factor other than sex," but a motion to strike "is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." Eunhasu Corp., 2020 WL 5513159, at *2. "Given the lack of definitive guidance from the Second Circuit on this question, and the maxim that the decisions of district courts, even those located within the same district, are not binding on other district courts," Arculeo v. On-Site Sales & Mktg., LLC, 321 F. Supp. 2d 604, 609 (S.D.N.Y. 2004), aff'd on other grounds, 425 F.3d 193 (2d Cir. 2005), coupled with the "highly disfavored" status of motions to strike, the Court will not grant the motion to strike.

**V.  CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion to Strike (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    December 02, 2021
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge