**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

        -v-                           1:21-CV-352 (AJB/MJK)

HUNTER-TANNERSVILLE
CENTRAL SCHOOL DISTRICT,

        Defendant.

**Hon. Anthony Brindisi, U.S. District Judge:**

**DECISION and ORDER**

**I.      INTRODUCTION**

On March 26, 2021, the United States Equal Employment Opportunity Commission (the "EEOC") filed this action against Hunter-Tannersville Central School District (the "District"), alleging that the District violated § 206(d)(1) of the Equal Pay Act of 1963 (the "EPA") by paying former District superintendent, Dr. Susan T. Vickers ("Vickers"), less than her male predecessors and successors for substantially equal work. Dkt. No. 1. The District has denied the allegations and raised a statutory affirmative defense, *i.e.*, that any alleged pay disparity resulted from factors other than sex. 29 U.S.C. § 206(d)(1)(iv).

Following years of discovery, the parties cross-moved for summary judgment. Dkt. Nos. 118, 120. The Court denied both motions after a full round of briefing, finding that genuine disputes of material fact precluded summary judgment in favor of either party. Dkt. No. 139. Thereafter, the EEOC timely moved for reconsideration. Dkt. No. 143. The District opposed the motion, Dkt. No. 147, which has been fully briefed, Dkt. No. 148.

- 1 -

Upon review of the briefing and in light of the governing law, the EEOC's motion will be denied.

## II.   DISCUSSION

Generally speaking, an interlocutory order may be revised at any time before the entry of final judgment.  *See* Fed. R. Civ. P. 54(b).  But a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)), *as amended* (July 13, 2012).  Consequently, reconsideration is only appropriate where the movant has identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  The EEOC has not met this standard.

First, the EEOC argues that the Court erroneously accepted certain facts as undisputed by overlooking contrary evidence—namely, a deposition exhibit that the EEOC admittedly failed to submit with its earlier motion papers.  Dkt. No. 143-1 at 8 n.3; *see* Dkt. No. 147-2.

This argument fails for two reasons.  For one, the omitted deposition exhibit is not "new evidence."  Although *newly* available evidence may justify reconsideration of a prior order, the same is not true of evidence that "was readily available at the time of the earlier briefing."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *see also Tyson v. City of N.Y.*, 81 F. App'x 398, 400 (2d Cir. 2003) (summary order) (holding that documents produced to a party during discovery before the party filed a motion for summary judgment did not constitute "new evidence").

The District's counsel has represented to the Court that the omitted deposition exhibit was produced in discovery.  Dkt. No. 147-1 ¶ 3.  Indeed, the EEOC utilized the exhibit during the December 3, 2024, deposition of Nicholas Savin.  *See* Dkt. No. 118-10 at 140–41.  Because the

exhibit at issue was available to the EEOC when it filed its motion for summary judgment on August 2, 2025, it is not "new evidence" that could justify reconsideration.

Second, as the District points out, the EEOC has hardly shown that the omitted evidence is inconsistent with any of the challenged findings. *See* Dkt. No. 147 at 9–12. *Compare* Dkt. No. 139 at 12 (finding it undisputed that Vickers' initial contract draft was developed from preexisting templates but that the District's Board of Education determined the proposed salary offer), *with* Dkt. No. 147-2 (noting that the "only big change" from the District's base contract was a provision regarding health insurance in retirement), *and* Dkt. No. 129-1 ¶ 22 (admitting that the initial contract draft was developed by ONC BOCES using preexisting templates).

The EEOC's remaining arguments concern the Court's application of the law. Because the EEOC has not identified an intervening change in controlling law, these arguments are necessarily premised on the third permissible basis for reconsideration, *i.e.*, "the need to correct a clear error to prevent manifest injustice." *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. This standard is high, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc.*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)).

First, the EEOC argues that the Court misapplied Second Circuit precedent on substantial equivalence. Dkt. 143-1 at 10–18. The Court disagrees. As an initial matter, the Second Circuit has made clear that "[w]hether two positions are 'substantially equivalent' for Equal Pay Act purposes is a question for the jury." *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001). Nevertheless, the EEOC insists that "no reasonable juror could find," based on its one-sided, piecemeal reconstruction of the summary judgment record, "that the jobs of [Vickers and

her comparators] did not require substantially equal skill, effort and responsibility." EEOC Mem. at 5, 11–17.

As the District put it: "[The EEOC]'s real objection is that the Court declined to view the evidence in the light most favorable to it on its own motion for summary judgment." Dkt. No. 147 at 9. It is well-established that, on a motion for summary judgment:

> [T]he district court may not properly consider the record in piecemeal fashion; rather, it must review all of the evidence in the record. And in reviewing the evidence, the court must resolve all ambiguities in favor of the nonmoving party, [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor, even though contrary inferences might reasonably be drawn.

*S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021) (internal citations and quotation marks omitted).

Applying this summary judgment principle, the Court determined that the expansive record contained sufficient evidence from which a reasonable factfinder could conclude that Vickers' comparators had different or additional job responsibilities and performance requirements.[1] Dkt. No. 139 at 30–32. Accordingly, the EEOC has not demonstrated a clear error in the Court's application of the law on substantial equivalence.

Next, the EEOC argues that the Court failed to require the District to "prove" that the pay disparities between Vickers and her comparators were the result of gender-neutral factors. Dkt. No. 143-1 at 18–27. This argument misunderstands the relative burdens on a motion for summary judgment. Both parties moved for summary judgment on the District's affirmative defense. The

---

[1] Contrary to the EEOC's contentions, *see* Dkt. No. 143 at 12, 14–15, shared job descriptions do not always establish substantial equivalence as a matter of law. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255 (2d Cir. 2014) (explaining that "job content and not job title or description is the central concern of an EPA claim") (internal quotation omitted). This is especially the case where, as here, there is evidence of differences in actual job performance. *See Pfeiffer v. Lewis Cnty.*, 308 F. Supp. 2d 88, 99 (N.D.N.Y. 2004) ("[J]ob descriptions are not dispositive. The relevant inquiry is what the employees actually do on the job." (citing 29 C.F.R. § 1620.13(e)).

District would have needed to "prove" its affirmative defense as a matter of law to succeed on its own motion.  But to survive the EEOC's motion and get to a trial, the District was only required to identify sufficient evidence from which a reasonable factfinder could conclude that "the pay disparity in question result[ed] from a differential based on any factor except for sex." *Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 522–23 (2d Cir. 2023) (affirming summary judgment in favor of employer on EPA claim).  In evaluating the EEOC's motion, the Court found that, viewing the record evidence in the light most favorable to the District (who was the non-movant for that purpose), a reasonable factfinder could conclude that the pay disparity between Vickers and her comparators resulted from factors unrelated to sex.[2]  Dkt. No. 139 at 33–39.  Accordingly, the Court properly denied the EEOC's motion for summary judgment as to the District's affirmative defense.

Lastly, the EEOC argues that the Court "fail[ed] to apply the law requiring that [the District] prove" that longevity and negotiation were gender-neutral factors.  EEOC Mem. at 21–22 (longevity), 25 (negotiations).  But again, the District did not need to conclusively establish its affirmative defense in order to survive summary judgment.  And regardless, the EEOC has cited no controlling authority for the proposition that longevity and negotiations[3] cannot, as a matter of

---

[2] As the District observed, the EEOC's disagreement with the Court's conclusion "highlight[s] exactly why this case should go to a jury: reasonable minds may differ about what the evidence shows."  District Opp. at 6.

[3] Before the matter was reassigned to this Court, District Judge Lawrence E. Kahn considered and rejected the EEOC's argument that salary negotiations cannot serve as a factor other than sex.  *United States Equal Emp. Opportunity Comm'n v. Hunter-Tannersville Cent. Sch. Dist.*, 2021 WL 5711995, at *2–3 (N.D.N.Y. Dec. 2, 2021) (denying the EEOC's motion to strike the District's affirmative defense).  And although Judge Kahn suggested that the EEOC's argument may warrant further consideration at a later point in the case, that observation was based on the lack of Second Circuit guidance as to whether a "factor other than sex" must be job-related.  *Id.* at *3–4 (finding "that the EEOC did not meet its burden to show that the affirmative defense is insufficient because there is a question of law, specifically whether *Aldrich*'s job-relatedness requirement would apply to negotiations").

In the interim, the Second Circuit decided *Eisenhauer*, which made clear that the EPA's "any factor other than sex" defense does not contain a job-relatedness requirement.  *See Eisenhauer*, 84 F.4th at 520 (2d Cir. 2023) ("Nothing in the legislative history suggests that a 'factor other than sex' must be job related.").

law, constitute factors other than sex. In fact, several courts within this Circuit have found that such factors *are* factors other than sex. *See Miller v. Levi & Korsinsky, LLP*, 695 F. Supp. 3d 397, 409 (S.D.N.Y. 2023) (finding that "prior experience as partners and records of generating fees . . . provide[d] non-pretextual justification for [a] pay disparity"); *Boatright v. U.S. Bancorp*, 2020 WL 7388661, at *13 (S.D.N.Y. Dec. 16, 2020) ("An EPA claim must be dismissed where an employer can justify a wage differential on factors such as salary negotiated at hire, 'inducement to hire the best person for the job,' an employee's earnings at a prior employer, and the holding of relevant licenses."), *aff'd*, 2022 WL 351059 (2d Cir. Feb. 7, 2022) (summary order); *Christiana v. Metro. Life Ins. Co.*, 839 F. Supp. 248, 257 (S.D.N.Y. 1993) (finding "no indication . . . that the employer discriminated based on gender rather than seniority or longevity in violation of the [EPA]"). Accordingly, the Court properly denied summary judgment on this basis.

In all, the EEOC has identified no meritorious basis for reconsideration of the Court's earlier ruling. Consequently, its motion for reconsideration is denied. Because the Court has declined to reconsider its earlier ruling, EEOC's contingent requests regarding the issues of willfulness, good faith, and damages, *see* EEOC Mem. at 26 n.6, are moot.

## III.   CONCLUSION

Therefore, it is

ORDERED that

1. The EEOC's motion for reconsideration (Dkt. No. 143) is DENIED;

2. Within 21 days, the parties shall file a joint status report addressing trial readiness.

The Clerk of the Court is directed to:

   a. Terminate the pending motion (Dkt. No. 143); and

   b. Set a deadline accordingly.

- 7 -

**IT IS SO ORDERED.**

Dated:  June 18, 2026
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge